UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAVE STOKES,                          )
                                      )
                Plaintiff,            )
                                      )
        v.                            )
                                      )   CASE NO. 1:06-cv-1835-DFH-WTL
TOWN COUNCIL OF NEW                   )
WHITELAND, INDIANA,                   )
                                      )
                Defendant.            )


ENTRY ON DEFENDANT'S MOTION TO DISMISS


        This case revisits the persistent tension between the federal

constitutional requirements of due process of law and procedures established

by state law for decisions affecting property and liberty interests.  See generally

*Zinermon v. Burch*, 494 U.S. 113 (1990), distinguishing *Parratt v. Taylor*,

451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517 (1984).


        Plaintiff Dave Stokes filed this action seeking judicial review of the

decision by defendant Town Council of New Whiteland to terminate his

employment as a police officer.  Stokes asserted both state law claims and

federal constitutional claims.  Stokes alleges that the town violated his rights

under Indiana Code § 36-8-3-4, and that the town deprived him of a property

interest in his continued employment without due process of law in violation of

the Fourteenth Amendment of the United States Constitution.  Stokes seeks

relief for violation of his federal constitutional rights under 42 U.S.C. § 1983. New Whiteland removed the action to this court under 28 U.S.C. § 1441.

New Whiteland has moved to dismiss the federal claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accepting plaintiff's allegations for purposes of its motion, the town argues that Stokes has alleged only a random and unauthorized violation of state law for which adequate post-deprivation remedies exist.   The town argues that the *Parratt-Hudson* line of cases bars the federal due process claims.  See *Parratt v. Taylor*, 451 U.S. 527 (1981),[1] and *Hudson v. Palmer*, 468 U.S. 517 (1984).  For reasons explained below, defendant's motion to dismiss is denied with respect to plaintiff's procedural due process claim and granted with respect to his substantive due process claim.

## Standards for Dismissal

For purposes of a motion to dismiss under Rule 12(b)(6), the court takes as true the plaintiff's factual allegations and draws all reasonable inferences in favor of that party.   *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 853 (7th Cir. 1999).  "Dismissal under Rule 12(b)(6) is proper only if the plaintiff could prove no set of facts in support of his claims that would entitle him to relief."  *Chavez v. Illinois State Police*, 251 F.3d 612, 648

---

[1]*Parratt* was overruled in part on grounds not relevant here.  See *Daniels v. Williams*, 474 U.S. 327 (1986).

(7th Cir. 2001).   However, the court need not give weight to bare legal conclusions.  *Hickey v. O'Bannon*, 287 F.3d 656, 657–58 (7th Cir. 2002)

### *Factual Allegations*

Defendant New Whiteland has confined its motion to the federal claims at issue in the case.  For the purpose of deciding this motion, the court accepts as true the following record facts and allegations contained in the pleadings, without vouching for their accuracy:

Dave Stokes was a police officer in the town of New Whiteland, where he also owned a pizza restaurant.  An employee of the restaurant was accused of a serious crime.   Officer Stokes assisted fellow officers in making an arrest. Officer Stokes did not participate directly in the investigation because he knew the suspect.   Later, prosecutors dropped charges after learning that Officer Stokes had information that directly contradicted the accusers' claims.   The New Whiteland police department began an internal investigation to determine if Officer Stokes knowingly withheld this information from the department.

The Town Council of New Whiteland met on September 22, 2006 and on September 27, 2006 to discuss the internal investigation and Officer Stokes' continued employment.   Stokes was not advised of these meetings until September 28th when his attorney was contacted by a representative of the Town Council inquiring whether Stokes might wish to resign.  Stokes Hearing

Exhibit 2.  On October 3, 2006 the Town Council authorized the termination of Officer Stokes, instructing the Town Marshall to comply with the notice requirements of Ind. Code § 36-8-3-4.  Stokes Hearing Exhibit 3.  Three days later, Stokes was given a letter informing him that he would be terminated effective October 12th.  Stokes requested a hearing, which occurred on November 1, 2006.  After the hearing, the Town Council reiterated that Officer Stokes was terminated effective October 12th.

Stokes alleges that the secret Town Council meetings were improper under the statute and that the Town Council also improperly decided to terminate him prior to the statutory hearing.  See *Keith v. Town of Long Beach*, 536 N.E.2d 552, 555 (Ind. App. 1989) (noting judicial condemnation of secret meetings to take evidence regarding the termination of police officers, and asserting that "the hearing must be held *prior* to the decision").  Whether the decision to terminate Officer Stokes was made prior to the hearing is a factual question.  For purposes of the town's motion to dismiss, the court gives plaintiff the benefit of an inference that the November 1, 2006 hearing was not before an impartial board.  The court also adopts the town's assumption for purposes of this motion that Stokes possessed a valid property interest in his employment and was deprived of that interest in violation of Indiana law.

*Discussion*

I.    *Procedural Due Process Claim*

To establish a deprivation of property without due process of law, Stokes must show:  (1) that the offending actions were taken by someone acting under the color of state law; (2) that the conduct deprived him of a constitutionally protected property interest; and (3) the alleged deprivation occurred without due process of law.  *E.g.*, *Germano v. Winnebago County*, 403 F.3d 926, 927 (7th Cir. 2005).  The town's motion challenges only the third element.

As the Supreme Court has emphasized, Section 1983 was "intended not only to 'override' discriminatory or otherwise unconstitutional state laws, and to provide a remedy for violations of civil rights 'where state law was inadequate,' but also to provide a federal remedy 'where the state remedy, though adequate in theory, was not available in practice.'"  *Zinermon v. Burch*, 494 U.S. 113, 124 (1990), quoting *Monroe v. Pape*, 365 U.S. 167, 173–74 (1961).  Stokes' procedural due process claims are in this latter category.

Stokes was a merit police officer.  He was employed under an Indiana statute that provided both substantive and procedural protections.  See Ind. Code § 36-8-3-4.  In terms of substance, a protected police officer may be fired only for good cause that fits into one of the statutory categories.  Ind. Code § 36-8-3-4(b).  In terms of procedure, the statute provides for an evidentiary

hearing before the town safety board prior to termination, as well as a post-termination appeal through the state courts.  Ind. Code § 36-8-3-4(c) – (f).  Full compliance with the Indiana statute's procedural requirements would provide more than the notice and opportunity to be heard required under the Fourteenth Amendment before a public employee loses a job in which he has a property interest.  See *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542 (1985).  Stokes alleges, however, that New Whiteland's actual practice of that procedure was inadequate, raising a federal due process question separate from his pursuit of claims under the Indiana statute or Constitution.

In support of its motion to dismiss, the town argues that even if it did not give Stokes a fair hearing *before* he was fired, the judicial review available *after* his firing is sufficient to satisfy federal due process standards.  In cases where public employees with a form of tenure have been fired, the Supreme Court and the Seventh Circuit have repeatedly held that federal due process requires notice and a meaningful opportunity to be heard before the deprivation occurs.  In *Loudermill*, the Supreme Court described as "settled" in 1985 the core requirement of the Due Process Clause that the employee have an opportunity for "some kind of a hearing" before the deprivation.  470 U.S. at 542, citing *Davis v. Scherer*, 468 U.S. 183, 192 n.10 (1984); *Board of Regents v. Roth*, 408 U.S. 564, 569–70 (1972); and *Perry v. Sindermann*, 408 U.S. 593, 599 (1972); see also *Chaney v. Suburban Bus Div. of Regional Transp. Authority*, 52 F.3d 623, 629 (7th Cir. 1995); *Schultz v. Baumgart*, 738 F.2d 231, 237 (7th

Cir. 1984) (finding that plaintiff was "entitled to notice and a meaningful opportunity to respond *before* he was terminated"); *Baker v. Washington Board of Works*, 2000 WL 964934, *7 (S.D. Ind. 2000) (Tinder, J.) ("Evidence that the decision to discharge the plaintiff was already made and that the hearing was nothing but a sham is sufficient to survive summary judgment on a procedural due process claim."). "The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." *Loudermill*, 470 U.S. at 546.

In the face of this authority, New Whiteland relies on a separate line of Supreme Court cases holding in certain circumstances that the Due Process Clause does not require pre-deprivation hearings where a meaningful post-deprivation remedy is available. In *Parratt v. Taylor*, 451 U.S. 527 (1981), the Supreme Court reversed a due process judgment in favor of a prisoner who had been deprived of his mail-order hobby kit by negligent observance of prison mail-room procedure. A state tort remedy was available and provided all the process that was due. 451 U.S. at 543–44. The Court explained that "either the necessity of quick action by the State or the impracticality of providing any meaningful predeprivation process" could allow a post-deprivation hearing or tort remedy to satisfy federal due process – even though such a remedy would not be sufficient by itself if pre-deprivation process were feasible. *Id.* at 539. The "random and unauthorized" nature of the negligent loss rendered it impossible for the State to "provide a meaningful hearing before the

deprivation." *Id.* at 541. In *Hudson v. Palmer*, 468 U.S. 517, 534–35 (1984), the Supreme Court extended this reasoning to a due process claim based on a prison guard's unauthorized but intentional destruction of the prisoner's property, concluding that meaningful post-deprivation procedures provided due process. See also *Easter House v. Felder*, 910 F.2d 1387, 1404 (7th Cir. 1990) (*en banc*) (applying *Parratt* and *Hudson*, and distinguishing *Zinermon*, to hold that post-deprivation remedies were sufficient for adoption agency whose application for license renewal was delayed and then denied); *Sheppard v. Welch*, 2006 WL 3134869 (S.D. Ind. 2006) (following *Parratt* and holding that a failure to comply with state law requiring notice to plaintiff before garnishing his account to recover child support was unpredictable and unauthorized and did not require a pre-deprivation hearing).

The tension between these different lines of Supreme Court decisions has long been evident. See *Easter House v. Felder*, 910 F.2d at 1408–10 (Easterbrook, J., concurring) (describing contradictions and fine distinctions between the Supreme Court majority reasoning in the cases and noting the difficulties the distinctions pose for lower federal courts).

In the face of these tensions, the cases most closely on point as a matter of fact – those dealing with public employees with some form of job tenure – provide the most reliable guidance. As noted above, in *Loudermill* and a host of other cases, both the Supreme Court and the Seventh Circuit have consistently

required notice and a meaningful opportunity to be heard before a protected public employee is fired.   Plaintiff Stokes alleges here that he received no meaningful opportunity to be heard before he was fired, so the availability of later remedies in state courts would not matter.   *Parratt* did not signal any retreat from that established rule.   The Supreme Court's later decisions in *Hudson* and *Zinermon* also have signaled no retreat from it.

In addition, the record at this stage of litigation does not support the most clearly stated rationales supporting the *Parratt-Hudson* reliance on post-deprivation remedies.  This is not a case where it was "impossible for the State to predict" the termination and to provide adequate pre-deprivation process. *Zinermon*, 494 U.S. at 129.   The deprivation that occurred here was the deliberate act of the Town Council, the authority to which state law delegated the decision.  There was ample opportunity for the town to provide both notice and a meaningful opportunity to be heard.   "In situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking."   *Zinermon*, 494 U.S. at 132, citing *Loudermill* and other cases.

The *Zinermon* Court gave three reasons for distinguishing *Parratt* and *Hudson*, and all apply here.  First, the deprivation at issue was predictable in *Zinermon* and here – in the sense that the officials knew when in the process it

would occur – unlike *Parratt* where the State could have predicted that some loss would occur as a result of someone's negligence, but could not identify when or to whom. *Id.* at 136. The Town Council knew that its authorization of the Town Marshall's request to terminate Officer Stokes would result in that termination.

Second, pre-deprivation procedural safeguards were possible in *Zinermon*. The State could cure inadequately applied process in ways that would have been "absurd to suggest" in response to the random negligence in *Parratt* or the willful malice in *Hudson*. *Id.* at 136–37. Here, the Town Council provided process, and could have provided adequate pre-deprivation process simply by not deciding whether to terminate Officer Stokes until after the hearing (as it contends it did) – rather than deciding beforehand in secret meetings as alleged.

Third, the *Zinermon* deprivation was *authorized* in the sense of a delegation of both "the power and authority to effect" takings, and "the concomitant duty to initiate the procedural safeguards set up by state law." *Id.* at 138. The *Zinermon* Court declined to adopt a broader reading of "random" or "unauthorized" that would allow officials to escape liability in every case where some process was first established and then departed from. Here, the Indiana statute also delegated to the Town Council both the power to terminate tenured public employees and the concomitant duty to follow procedural safeguards

when doing so.  The Town Council's actions were not "unauthorized" as that term was construed by the *Zinermon* Court.  Compare *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003) (applying the *Parratt* rule where defendants acted "in a manner patently inconsistent" with a mandated absolute hiring preference), with *Zinermon*, 494 U.S. 136 (finding that *Parratt* did not control where plaintiff alleged "abuse of [officials'] broadly delegated, uncircumscribed power to effect the deprivation at issue").

Stokes' right to a meaningful opportunity to be heard before he was fired is well established under settled Supreme Court and Seventh Circuit precedent.  The court expresses no opinion now, of course, about whether the evidence will ultimately support Stokes' allegation that his pre-termination hearing was a sham.  That is a matter for evidence.  The claim could be dismissed under Rule 12(b)(6) only if Stokes has failed to state a claim for which relief can be granted.  Because Stokes has alleged facts that would place his claim outside the reach of the *Parratt-Hudson* doctrine, he has stated a claim upon which relief can be granted.

II.     *Substantive Due Process Claim*s

Plaintiff's brief correctly states that the *Parratt-Hudson* doctrine was never meant to apply to claims of violations of substantive due process.  New Whiteland concedes this point in its reply brief but also correctly states that courts uniformly treat government behavior of the sort alleged here as

-11-

implicating only procedural due process.  In weighing the process that is due in a particular situation, the Supreme Court has repeatedly acknowledged the "significance" of private interests in continued employment.  *E.g.*, *Loudermill*, 470 U.S. at 543 (collecting cases).  Yet the Supreme Court and lower courts have not treated those private interests as so fundamental that they would support protection on a theory of substantive due process, one that would apply regardless of the procedures used.  See, *e.g.*, *Sutton v. Cleveland Board of Education*, 958 F.2d 1339, 1350–51 (6th Cir. 1992) (affirming rejection of public employee's substantive due process claim).  Stokes has done little more than mention substantive due process here.  He has not presented any indication that relief can be granted under Section 1983 to any such claims.

Accordingly, defendant's motion to dismiss for failure to state a claim is hereby denied with respect to plaintiff's federal procedural due process claims under Section 1983 and granted with respect to plaintiff's federal substantive due process claims.

So ordered.

Date:  May 14, 2007

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Michael R. Auger
JONES AUGER & AUGER
mikeauger@insightbb.com

Robert Howard Schafstall
CUTSINGER & SCHAFSTALL
robhschafstall@earthlink.net

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com